THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-cv-440

| | |
|---|---|
| **LAWRENCE T. CARTER** ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT** |
| **vs.** ) | |
| ) | |
| **PORTFOLIO RECOVERY** ) | |
| **ASSOCIATES, LLC,** ) | |
| **Defendant.** ) | |

## INTRODUCTION

The Fair Debt Collection Practices Act (FDCPA or Act), 15 U.S.C. §§ 1692, *et seq*. imposes civil liability on "debt collectors" for certain prohibited debt collection practices. The Act includes a private right of action by "any person" adversely affected by the violation. Congress intended private actions to be the main vehicle for enforcing the Act: "The committee views this legislation as primarily self-enforcing; consumers who have been subject to collection abuses will be enforcing compliance." S. Rep. No. 382, 95th Cong., 1st Sess. 5, *reprinted in* 1977 U.S.C.A.A.N. 1695, 1696.

The plaintiff, Lawrence Carter (Mr. Carter), by and through his undersigned attorney, sues the defendant, Portfolio Recovery Associates, LLC (PRA), and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

1

2. This action arises out of defendants' violations of the FDCPA.

3. Venue is proper in this District because the acts and transactions occurred here, Mr. Carter resides here, and defendant transacts business here.

4. This case is brought within one year of the violation in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff Lawrence Carter is a natural person who resides in the town of Apex, Wake County, North Carolina, and is a "consumer" and/or a person affected by a violation of the FDCPA as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

6. Defendant PRA is a limited liability company organized under the laws of Delaware with its principal place of business in Norfolk, Virginia and may be served with service of process in care of its registered agent, National Registered Agents, Inc., 120 Penmarc Drive, Ste. 118, Raleigh, N.C. 27603.

7. PRA is the wholly owned operating subsidiary of Portfolio Recovery Associates, Inc. ("PRA, Inc."). PRA, Inc. is a publicly traded company trading on the NASDAQ Global Stock Market under the symbol "PRAA." Information concerning PRA and its parent company is therefore available through PRA, Inc.'s public filings with the Securities and Exchange Commission ("SEC").

8. PRA is a "debt buyer." PRA is engaged in the business of purchasing indebtedness allegedly owed to credit card issuers and other creditors, and

pursuing collection of such purchased indebtedness. According to the PRA, Inc. Form 10-K filed with the SEC on February 16, 2010:

> Our primary business is the purchase, collection and management of portfolios of defaulted consumer receivables. These are the unpaid obligations of individuals to credit originators, which include banks, credit unions, consumer and auto finance companies and retail merchants. PRA, Inc. 10-K, p. 4.

9. PRA purchases enormous volumes of consumer debt for an average price of approximately three cents per dollar. According to the PRA, Inc. form 10-K, p. 4: "From our 1996 inception through December 31, 2009, we acquired 1,697 portfolios with a face value of $48.0 billion for $1.4 billion, representing more than 22 million customer accounts." On information and belief, PRA has acquired, or has purported to acquire, indebtedness allegedly owed by tens of thousands of North Carolina residents.

10. PRA makes extensive filings in court to collect indebtedness it has acquired. According to the PRA, Inc. 10-K, p. 11:

> An important component of our collections effort involves our legal recovery department and the judicial collection of accounts of customers who have the ability, but not the willingness, to resolve their obligations. . . .
>
> We use a combination of internal staff (attorney and support), as well as external attorneys, to pursue legal collections under certain circumstances. . . . .

11. PRA is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

3

12. PRA is registered as a collection agency with the North Carolina Department of Insurance and possesses license number 4132.

13. PRA regularly attempts to collect consumer debts alleged to be due to another.

14. PRA was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

15. Mr. Carter is a consumer or other person as that term is defined in 15 U.S.C. § 1692a(3).

16. At some point, Mr. Carter incurred a debt to Capital One Bank on a personal credit card.

17. The card was used for personal, family, and household purchase, such as the purchase of gasoline, groceries and garments.

18. A dispute arose between Capital One Bank and Mr. Carter and the account allegedly went into default.

19. The account was placed, sold or otherwise acquired by PRA.

20. The account placed with PRA is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21. PRA brought a lawsuit against Mr. Carter in Wake County District Court on September 14, 2009 to collect on the alleged indebtedness.

22. Mr. Carter requested verification of the debt by letter to PRA's attorney, Sessoms & Rogers, P.A. dated August 28, 2009.

23. The letter referenced in paragraph 22 of this Complaint indicated that Mr. Carter disputed the debt.

24. Upon receipt of the request for validation, PRA knew or should have known that Mr. Carter disputed the account.

25. Mr. Carter filed an Answer in the state court action on October 10, 2009, denying the indebtedness and disputing the account.

26. Upon receipt of Mr. Carter's Answer, PRA knew or should have known that Mr. Carter disputed the account.

27. Throughout the 13 months of state court litigation, PRA knew or should have known that Mr. Carter disputed the account.

28. Upon information and belief, PRA did not report credit information on Mr. Carter's account to the credit reporting agencies through September 2010.

29. According to Mr. Carter's credit report, there is no negative trade line listed by PRA on his credit report for September 2010.

30. In October 2010, PRA reported the trade line to one or more credit reporting agencies.

31. PRA failed to indicate that Mr. Carter disputed the account as required by the FDCPA.

//

//

//

//

# BASIS OF CLAIM

## COUNT ONE

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of the defendant constitute numerous and multiple violations of the FDCPA including, but not limited to:

    a) 15 U.S.C. § 1692e(8): "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, <u>including the failure to communicate that a disputed debt is disputed</u>." (Emphasis added.)

34. As a result of PRA's violation of the FDCPA, Mr. Carter is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered:

1. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

2. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

3. for a declaratory judgment that the conduct of PRA violated the FDCPA;

4. for an award of the costs of suit, any discretionary costs as may be allowable by

law, pre-judgment and post-judgment interest; and

5. for further relief as the Court deems just and proper under the circumstances.

Respectfully submitted this 16th day of October, 2010.

        MARTIN ATTORNEY AT LAW, PLLC

    By: /s/ Angela O. Martin
      Angela O. Martin, Esq.
      NC Bar 34951
      Martin Attorney at Law, PLLC
      1911 Keller Andrews Road
      Sanford, North Carolina 27330
      (919) 708-7477, FAX: (888) 872-4232
      angela@angelamartinlaw.com
      ATTORNEY FOR THE PLAINTIFF